# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM HARRISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: 20-0360-WS-N |
| v. | ) |
| | ) |
| STEVE JAMES FORDE, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

Defendant, Steve James Forde ("Defendant" and/or "Forde"), by and through undersigned counsel of record, files his answer to the First Amended Complaint ("FAC") filed by plaintiff William Harrison ("Plaintiff and/or "Harrison") and counterclaims against Plaintiff, as follows:

## ANSWER

### Parties, Jurisdiction and Venue

1. Forde is without sufficient information or knowledge to admit or deny the allegations in this paragraph of the FAC, and demands strict proof of same.

2. Admitted.

3. Forde denies that Harrison is entitled to any recovery of damages from Forde. Rather, Forde is entitled to damages against Harrison.

4. Admitted.

5. Admitted.

## Factual Allegations

6. Forde is without sufficient information or knowledge to admit or deny the allegations in this paragraph of the FAC, and demands strict proof of same.

7. Forde is without sufficient information or knowledge to admit or deny the allegations in this paragraph of the FAC, and demands strict proof of same.

8. Forde is without sufficient information or knowledge to admit or deny the allegations in this paragraph of the FAC, and demands strict proof of same.

9. Forde is without sufficient information or knowledge to admit or deny the allegations in this paragraph of the FAC, and demands strict proof of same.

10. Admitted that Forde sold PPE.

11. Admitted that, in or about March 2020, Forde began discussing with Agoglia and Harrison a sale of PPE to a Mississippi limited liability company, Helanbak, LLC.

12. Admitted that Forde communicated with Agoglia and Harrison through email, text and phone calls.

13. Admitted that Forde represented that he had sourced three million masks which Forde would sell to Helanbak for $6,600,000. Forde advised Agoglia and Harrison that the PPE market was moving extremely fast and the only way to confirm a shipment of masks was to pay for them before they were sold to someone else. Forde denies the remaining allegations in this paragraph of the FAC, and demands strict proof of same.

14. Admitted that Forde represented that he had sourced three million masks which Forde would sell to Helanbak for $6,600,000. Forde advised Agoglia and Harrison that the PPE commercial and regulatory market was changing daily. Forde advised that the only way to confirm

the purchase of available product was to pay for it. Otherwise, available product was being sold to whoever paid for it first. Forde denies the remaining allegations in this paragraph of the FAC, and demands strict proof of same.

15. Admitted that, on or about April 9, 2020, Forde issued an invoice to Helanbak, LLC for $6,600,000 for three million KN95 face masks. Admitted that the invoice was paid at first. Forde denies the remaining allegations in this paragraph of the FAC, and demands strict proof of same.

16. Admitted that, due to the fast changing PPE commercial market, changes were discussed regarding the logistics of Helanbak's purchase of the masks.

17. Admitted that, due to the change in logistics and delivery, Forde discussed and Helanbak agreed to a return of $1,000,000 to Helanbak based on Forde's good faith gesture of a 10 cent discount per mask of $300,000, and Helanbak's payment of the remaining $700,000 of the April 9, 2020 invoice upon the first million masks clearing United States Customs.

18. Admitted that Forde and Agoglia discussed a new delivery schedule.

19. Admitted that Forde sent an email on April 10, 2020. The email is the best evidence of its contents.

20. Admitted.

21. Admitted that, on or about April 17, 2020, tens of thousands of masks were delivered directly to a Helanbak client in Florida by Forde.

22. Admitted that Forde was in daily communication with Helenbak regarding the constantly changing FDA regulations regarding the importation of KN95 masks. Forde had secured Helanbak's masks and the first 500,000 masks were actually already shipped from the factory for export to the USA. Due to

a recent change in FDA regulations, however, the masks would have to be stamped "NOT FOR MEDICAL USE" before being imported to the United States. Helanbak advised Forde that it did not want masks with this stamp. Apparently, Helenbak already had approximately 9 Million other KN95 masks with this stamp that, on information and belief, it has had difficulty selling and are still in their warehouse in Colombia MS. Agoglia requested that, if possible, Forde delay the shipment until the manufacturer was approved by the FDA so its masks could be shipped without the stamp and, if possible, find other KN95 masks to fulfill Helanbak's order that could be shipped from China without the stamp. In good faith and under direct instruction by Helenbak, Forde delayed the shipment and procured other masks that would not need to be stamped "NOT FOR MEDICAL USE" for import into the United States. It would have been easier and more cost effective for Forde to have delivered the original KN95 masks stamped "NOT FOR MEDICAL USE" since they would have fulfilled his obligation to Helanbak per the parties' agreement.

23. Forde admits that the pictures of the masks he sent were the ones that were being shipped and required the stamp that Helanbak did not want on its masks.

24. Forde is without sufficient knowledge or information regarding reliance by Harrison.

25. Denied.

26. Denied. Helanbak has not paid Forde the $700,000 balance based on the first million masks having cleared United States Customs. Forde further discussed assisting Helanbak with selling Helanbak's mask inventory to third parties to help Helanbak cut its losses. Any "refund" of money to Helanbak would be contingent on a sale to a third party.

27. Denied.

28. Denied.

29. Denied.

30. Admitted.

31. Admitted that Forde pursuant to discussions with Agoglia was attempting find a buyer for part or all of Helanbak's mask purchase.

32. Denied.

33. Admitted that Forde has not found a buyer for part or all of Helanbak's mask purchase, and Helanbak has failed to pay Forde its $700,000 balance.

## CAUSES OF ACTION

### Count One: Breach of Contract

33. Defendant incorporates its previous responses as if fully restated herein.[1]

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

### Count Two: Conversion

---

[1] Plaintiff repeated paragraph number 33 throwing its numbers off by one numeral. For ease of review, Defendant will use the incorrect number.

42. Defendant incorporates its previous responses as if fully restated herein.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

### Count Three: Fraud

47. Defendant incorporates its previous responses as if fully restated herein.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

### Count Four: Promissory Fraud

54. Defendant incorporates its previous responses as if fully restated herein.

55. Denied.

56. Denied.

57. Denied.

58. Denied

59. Denied.

### Count Five: Unjust Enrichment

60. Defendant incorporates its previous responses as if fully restated herein.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

### Count Six: Money Had and Received

65. Defendant incorporates its previous responses as if fully restated herein.

66. Denied.

67. Denied.

68. Denied.

### AFFIRMATIVE DEFENSES

Discovery and investigation may reveal that any one or more of the following defenses should be available to Forde. Forde asserts said defenses in order to preserve his right to assert them. Upon completion of discovery, and if the facts warrant, Forde may withdraw any of these defenses as may be appropriate. Further, Forde reserves the right to amend this answer to assert additional defenses, cross claims, third-party claims and other claims and defenses as discovery proceeds. Further answering and by way of defense and affirmative defense, Forde states as follows:

1. The Complaint, or some of the claims asserted therein, fail to state a claim against Defendant upon which relief can be granted.

2. There is no causal connection or relationship between any alleged conduct on the part of Defendant and Plaintiff's alleged damages.

3. Plaintiff failed to mitigate damages.

4. The alleged damages about which Plaintiff complains arose as a result of acts or omissions of others over whom Defendant had no control.

5. Because Defendant performed the work at issue in conformity with the alleged Agreement, Plaintiff is barred from relief against Defendant under the doctrine of discharge by performance or substantial performance.

6. Plaintiff's claims are barred by the accepted work doctrine.

7. Defendant asserts the defenses of release, payment, and setoff.

8. Defendant pleads the affirmative defenses of estoppel, laches, res judicata, waiver, modification, ratification, unclean hands, and novation.

9. Plaintiff's claims are barred, in whole or in part, by his failure to do equity.

10. Plaintiff lacks proper standing to bring his claims.

11. Plaintiff failed to name an indispensable party.

12. Plaintiff's claims are barred, in whole or in part, by the doctrine of ratification.

13. Defendant pleads the doctrine of spoliation of evidence.

14. Helanbak was not properly licensed to do business in Alabama.

15. Defendant states that Plaintiff's tort claims are barred by the independent tort rule because Defendant did not owe Plaintiff any legal duty outside of the terms of the contract.

16. Plaintiff's claims are barred by the Economic Loss Rule to the extent he seeks to recover tort damages.

17. Plaintiff failed to perform under the Parties' agreement.

18. Defendant pleads failure of a condition precedent.

19.

## COUNTERCLAIM

Forde counterclaims against Harrison as follows:

### Count One: Defamation, Libel and Slander Per Se and Per Quod

1. Forde is an individual, businessman and country music artist who enjoys a good reputation both generally and professionally.

2. On or about July 17, 2020, Harrison filed a complaint against Forde asserting numerous causes of action for damages.

3. Upon filing the complaint, Harrison was issued a summons and complaint with which he was required to serve Forde within a prescribed period of time.

4. Harrison and/or agents working on his behalf experienced difficulty locating Forde to personally serve him with the summons and complaint.

5. In an effort to locate Forde, Harrison and/or his agents published defamatory material on the internet to the general public calling Forde a "known grifter and con artist."

6. On information and belief, Harrison and/or his agents published other defamatory material stating Forde, in effect, was a grifter and con artist.

7. The publications regarding Forde are patently false and were made with malice, hatred and ill-will toward Forde in that Harrison and his agents have expressed a desire to "get" Forde.

8. The publications are libelous on their face exposing Forde to hatred, contempt, ridicule and obloquy because of the criminal allegations made in the false publications.

9. The publications were seen and read by numerous persons including family, friends and business associates.

10. Forde has suffered substantial damage to his reputation, and humiliation and shame, as a result of the false publications.

WHEREFORE, Forde respectfully demands judgment against Harrison for compensatory and punitive damages, plus interest and costs, and for any further relief the Court deems appropriate.

**FORDE DEMANDS TRIAL BY JURY**

            */s/ Thomas M. O'Hara*
            THOMAS M O'HARA (OHART4140)
            Attorneys for Defendant and Counterclaim Plaintiff,
            Steve Forde

**OF COUNSEL:**
O'Hara Watkins, LLC
1307 Main Street
Daphne, AL 36526
251.414.7773
tohara@oharawatkins.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2021, I electronically filed the foregoing with PACER, which will serve notifications of such filing to all counsel of record.

Robert E. Battle
Harlan F. Winn
**BATTLE & WINN LLP**
2901 Second Avenue South, Suite 220
Birmingham, AL 35233
Telephone: (205) 397-8160
Facsimile: (205) 397-8179
Email: rbattle@battlewinn.com
hwinn@battlewinn.com
*Attorneys for Plaintiff William Harrison*

                                           */s/ Thomas M. O'Hara*
                                           THOMAS M. O'HARA