IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM HARRISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 20-0360-WS-N |
| | ) | |
| STEVE JAMES FORDE, | ) | |
| | ) | PUBLISH |
| Defendant. | ) | |

## ORDER

This matter is before the Court on the plaintiff's motion for leave to amend the complaint. (Doc. 48). The defendant has filed a brief in opposition and the plaintiff a reply, (Docs. 54, 59), and the motion is ripe for resolution. After careful consideration, the Court concludes the motion is due to be granted.

## BACKGROUND

According to the first amended complaint, (Doc. 5), the plaintiff and the defendant entered a contract pursuant to which the plaintiff agreed to purchase three million respirator masks for $6.6 million. The plaintiff paid the defendant the full sum up front but did not receive the masks and received only $1 million returned of the amount paid. The first amended complaint asserts claims for breach of contract, conversion, fraud, promissory fraud, unjust enrichment, and money had and received.

On January 20, 2022, the defendant filed a motion for summary judgment as to all claims. (Doc. 44). As to the contract claim, the defendant argues that his contract was not with the plaintiff but with an entity ("Helenbak") owned by an individual ("Agoglia") with whom the plaintiff has a business relationship, such that the plaintiff cannot establish either the existence of an agreement between the

parties or damages from any breach. (Doc. 45 at 10-12). As to the conversion claim, the defendant argues that the $5.6 million made the subject of that claim did not come from the plaintiff but from an entity "("Cathexis") of which the plaintiff is CEO and which is owned by three trusts of which the plaintiff is the sole beneficial owner, such that the plaintiff cannot establish an immediate right of possession of the subject funds. (*Id*. at 12-13). As to the equitable claims, the defendant argues that the plaintiff cannot prevail because the funds came from Cathexis and not from the plaintiff individually. (*Id*. at 20-21).[1]

The defendant's motion for summary judgment includes an alternative motion to join the real party in interest. (Doc. 44 at 1). The defendant argues that, should his motion for summary judgment be denied, the Court should order the plaintiff to join Helenbak and Cathexis as parties plaintiff pursuant to Rule 17(a)(1). (Doc. 45 at 21-23).

On February 17, 2022, the plaintiff filed the instant motion.[2] The proposed second amended complaint would add Cathexis as a party plaintiff and add allegations that Helenbak, Agoglia, and an unnamed joint venture between the plaintiff and Agoglia, have all assigned their claims related to this litigation to the plaintiff. The plaintiff invokes Rules 15(a)(2) and 17(a)(3). The defendant argues that the former rule is irrelevant, that the latter rule is unsatisfied, and that Rule 16(b)(4) bars the amendment.

## DISCUSSION

The defendant argues that the lenient amendment standard of Rule 15(a)(2) is inapplicable because the deadline for seeking amendment established by the Magistrate Judge pursuant to Rule 16(b) expired last July. (Doc. 54 at 6). The

---

[1] The defendant's arguments as to the fraud claims center on reliance and do not challenge the plaintiff's relationship to the cause of action. (Doc. 45 at 15-19).

[2] The motion was filed by the plaintiff and Cathexis but, for convenience, the Court attributes the motion to the plaintiff.

plaintiff does not disagree.  The Court therefore confines its discussion to Rules 17(a) and 16(b).

### A.  Rule 17(a).

"An action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1).  "The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action."  *Id*. Rule 17(a)(3).  The defendant raises a welter of arguments against amendment under this rule.

First, the defendant argues that amendment under Rule 17(a)(3) is not in play because "there is no motion to dismiss before the Court."  (Doc. 54 at 8).  No, but there is a motion for summary judgment, the granting of which would result in "dismiss[al] [of] an action."  Many courts have recognized that Rule 17(a)(3) applies to motions for summary judgment,[3] and the Court does likewise.

Second, the defendant suggests that its motion for summary judgment does not seek dismissal "for failure to prosecute in the name of the real party in interest," (Doc. 54 at 8), but that is exactly what it does.  The defendant explicitly insists that Helanbak and Cathexis, rather than the plaintiff, are the real parties in interest, (Doc. 45 at 22), and he seeks dismissal of the contract claim precisely because "Forde and Helanbak are the only parties to the subject transaction" and of the conversion and equitable claims precisely because "Cathexis funded Helenbak's purchase of the masks from Forde."  (*Id*. at 11, 20).  The real party in interest is "the person who, according to the governing substantive law, is entitled

---

[3] *E.g., Jones v. Las Vegas Metropolitan Police Department*, 873 F.3d 1123, 1128-29 (9th Cir. 2017); *Jaramillo v. Burkhart*, 999 F.2d 1241, 1246 (8th Cir. 1993); *Durabla Manufacturing Co. v. Goodyear Tire & Rubber Co*., 124 Fed. Appx. 732, 733-34 (3rd Cir. 2005); *Land Mine Enterprises v. Sylvester Builders, Inc*., 2000 WL 1715272 at *1 (2nd Cir. 2000); *Knight v. New Farmers National Bank*, 1991 WL 207056 at *1-2 (6th Cir. 1991).

to enforce the right"[4] and, according to the defendant's argument, the entities whose rights may have been infringed are Helenbak and Cathexis. (Doc. 54 at 4). To the uncertain extent the defendant suggests he can avoid implicating Rule 17(a)(3) simply by avoiding the term "real party in interest" in his motion for summary judgment, the Court rejects the suggestion as unsupported by reasoned argument or citation to relevant authority and as pointlessly, if not disingenuously, elevating form over substance.

Because the defendant's motion for summary judgment effectively seeks dismissal of the plaintiff's contract, conversion and equitable claims for failure to prosecute in the name of the real party in interest, the Court cannot grant the motion for summary judgment "until, after an objection, a reasonable time has been allowed" the plaintiff to rectify the situation. The defendant argues that a reasonable time after objection had passed before the plaintiff filed the instant motion, on the grounds that he "repeatedly plead [sic] in his Answer that he had an agreement with Helanbak, not Harrison." (Doc. 54 at 7-8). In fact, the portions of the answer on which the defendant relies for this proposition, (*id*. at 1-3), while admitting or asserting various communications with Helenbak, do not state that the contract was with Helenbak, much less that the contract was *only* with Helenbak, to the exclusion of the plaintiff (with whom the answer admits the defendant was communicating and negotiating). Moreover, the defendant twice admitted in his answer that it was "Harrison's money" that he had received. (Doc. 5 at 4-5, ¶¶ 18, 19; Doc. 14 at 3, ¶¶ 18, 19).[5]

---

[4] *Payroll Management, Inc. v. Lexington Insurance Co.*, 815 F.3d 1293, 1299 n.10 (11th Cir. 2016) (internal quotes omitted).

[5] "A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted." Fed. R. Civ. P. 8(b)(3). "An allegation … is admitted if a responsive pleading is required and the allegation is not denied." *Id*. Rule 8(b)(6). Because the defendant did not in his answer deny that the funds at issue were the plaintiff's money, he admitted that they were.

The defendant fails to explain how his admission that the money at issue was that of the plaintiff (rather than Cathexis) could possibly constitute an objection that Harrison is not the real party in interest as to his conversion and equitable claims.  Nor does he explain how material that merely suggests a contract with Helanbak could constitute an objection that the plaintiff was not also a contracting party.  Given the ease with which a defendant may raise an objection by employing the standard phrase, "real party in interest," given the harsh consequences visited on a plaintiff that does not timely respond to an objection, and given the purpose of Rule 17(a) "to insure against forfeiture and injustice,"[6] the Court declines to rule that the defendant's answer constitutes an "objection" within the rule.

Although ignored in his argument, the defendant's brief notes that his answer asserted as affirmative defenses:  (1) that the plaintiff "lacks proper standing"; (2) that the plaintiff "failed to name an indispensable party"; and (3) that Helenbak was not properly licensed to do business in Alabama.  (Doc. 54 at 4).  None of these assertions rise to the level of an objection under Rule 17(a).  Standing can be either constitutional or prudential, and constitutional standing is a "distinct issu[e] with separate considerations" from those underlying real party in interest concerns.  *Fisher v. PNC Bank, N.A.*, 2 F.4th 1352, 1358 (11th Cir. 2021) (internal quotes omitted).  Because the answer does not specify what form of standing is being challenged, it is inherently ambiguous and thus incapable of constituting an objection for purposes of Rule 17(a).[7]  A reference to an

---

[6] Fed. R. Civ. P. 17 advisory committee's note to 1966 amendment.

[7] "Some courts have described Rule 17's real-party-in-interest requirement as essentially a codification of [the] nonconstitutional, prudential limitation on standing" that "a litigant cannot sue in federal court to enforce the rights of third parties." *Rawoof v. Texor Petroleum Co.*, 521 F.3d 750, 757 (7th Cir. 2008).  The defendant, however, did not invoke "prudential standing."  Even had he done so, there are multiple strands of prudential standing, *e.g.*, *Bischoff v. Osceola County*, 222 F.3d 874, 883 (11th Cir. 2000), such that a failure to identify this specific strand as the basis of the defense would still render it too ambiguous to satisfy Rule 17(a).

"indispensable party" implicates Rule 19(b), not Rule 17(a).  *E.g., Florida Wildlife Federation Inc. v. United States Army Corp of Engineers*, 859 F.3d 1306, 1316 (11th Cir. 2017).  Finally, the reference to Helanbak's licensure is perfectly consistent with a defense belief that Helanbak was an additional contracting party along with the plaintiff and is far too ambiguous to constitute an objection that the plaintiff is not the real party in interest.

After arguing that the plaintiff's motion comes too late, the defendant next argues that it comes too early.  According to the defendant, the Court must rule on his motion for summary judgment before it can consider any issue regarding the plaintiff's alternative motion that, because Helanbak and Cathexis are real parties in interest, they be joined as parties plaintiff.  (Doc. 54 at 8).  On the contrary, because the defendant's alternative motion patently constitutes an objection for purposes of Rule 17(a), and because the defendant seeks summary judgment on real-party-in-interest grounds, the express language of the rule compels the Court to address the objection before considering the motion for summary judgment.

The text of Rule 17(a) contains no qualifiers, other than temporal, on a plaintiff's ability to correct an issue regarding the real party in interest.  The Advisory Committee note, however, states that the rule "is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made."  Fed. R. Civ. P. 17 advisory committee's note to 1966 amendment.  The Eleventh Circuit has applied this standard without adopting it, *In re: Engle Cases*, 767 F.3d 1082, 1109 & n.31 (11th Cir. 2014), and the defendant invites the Court to do likewise.  (Doc. 54 at 9-10).  Doing so requires the Court to review the plaintiff's evidence regarding the parties to the contract and the source of funding for the mask purchase.

On April 2, 2020, the plaintiff and Agoglia, as individuals, established a joint venture (not a partnership) for the purpose of sourcing and supplying respirator masks, with the plaintiff to supply the lion's share of funding on each deal.  (Doc. 50-2 at 6, 25-28).  While the plaintiff and Agoglia envisioned using

Helanbak and/or Cathexis to fulfill their joint venture, those entities were not parties to the joint venture. (*Id.* at 6). When Agoglia began dealing with the defendant the same day, he advised the defendant that the plaintiff was his partner in the deal and provided the plaintiff's contact information. (*Id.* at 7; Doc. 50-4 at 6). The defendant dealt with the plaintiff and Agoglia in putting together a deal. (*Id.* at 7). On April 9, the defendant sent an invoice for $6.66 million to Agoglia, with Helanbak and Agoglia typed in under the heading, "Vendor." (Doc. 50-4 at 143). Helanbak was not the purchaser, but it did have a contract with a third party to supply masks that the deal with the defendant was intended to provide. (Doc. 50-2 at 8). The defendant continued to deal with both Agoglia and the plaintiff after problems with delivery surfaced on April 10. (*Id.* at 14; Doc. 50-4 at 160). When pressed by Agoglia about returning to the plaintiff the funds the defendant had received from the plaintiff, the defendant responded that he was "trying to sell *his* [the plaintiff's] *KN's* for him." (Doc. 50-2 at 116 (emphasis added)). The defendant testified that he was trying to sell masks to generate funds so "we can give William *his money*." (Doc. 50-4 at 18 (emphasis added))). As noted previously, the defendant in his answer admitted that the funds at issue were the plaintiff's money.

The defendant's argument that his contract is only with Helenbak is based exclusively on the invoice he sent Agoglia. (Doc. 45 at 11). Whatever the ultimate determination of the contracting parties' identity may be, the evidence summarized above is sufficient to show it would be understandable for the plaintiff to be named as plaintiff for purposes of the contract claim.[8] Similarly,

---

[8] The plaintiff's evidence indicates that he and Agoglia contracted with the defendant as individual joint venturers. The defendant offers no authority or argument that an agreement with duties running from himself to each joint venturer is legally or factually impossible or even implausible. *See, e.g., Sabo v. Carnival Corp.*, 762 F.3d 1330, 1337 (11th Cir. 2014) (under Florida law, "a joint venture is not an independent legal entity, but rather a vehicle for limited collaboration between individual entities"). On the contrary, the defendant at the time confirmed his understanding that he had sold the masks to the plaintiff. (Doc. 50-2 at 116). Because it is uncontroverted that Agoglia

given the defendant's own understanding that he was dealing with the plaintiff's money, it would be understandable for the plaintiff to be named as the plaintiff for purposes of the conversion and equitable claims.

The defendant's only argument to the contrary depends on his reading of *NBIS Construction & Transport Insurance Services, Inc. v. Liebherr-America, Inc*., 2021 WL 2551629 (M.D. Fla. 2021).  In *NBIS*, the defendant objected that one specific non-party was "the" real party in interest.  *Id*. at *1.  The plaintiff responded by moving to substitute the entity identified by the defendant, while asserting that both it and the non-party could be considered real parties in interest.  *Id*. at *1, *4.  The *NBIS* Court ruled without explanation that, by continuing to insist it was a real party in interest, the plaintiff failed to allege it was named as plaintiff by "mistake" for purposes of Rule 17(a).  *Id*.  The defendant concludes that, by seeking to join Cathexis as an additional plaintiff rather than to substitute Cathexis as the sole plaintiff, the plaintiff similarly fails to assert that it was a mistake to name him as plaintiff initially.  (Doc. 54 at 9-10).

The Court disagrees with *NBIS*'s unexplained pronouncement that a plaintiff cannot demonstrate an understandable "mistake" unless he admits he is not a real party in interest.  By its terms – which neither *NBIS* nor the defendant acknowledge, much less address – Rule 17(a)(3) permits a real-party-in-interest issue to be resolved not only by substitution but also by "joinder" of the real party in interest along with the original plaintiff – a resolution that necessarily presupposes either the existence of multiple real parties in interest or uncertainty regarding which of multiple candidates is the sole real party in interest.

The defendant believes it should be improper for the plaintiff to "hedge his bet" by joinder rather than substitution.  (Doc. 54 at 10).  The gaming reference is apt, since it appears the defendant desires to force the plaintiff to gamble on one single real party in interest despite the ambiguity and uncertainty as to who that is

_____

provided none of the funds remitted to the defendant, it is understandable that the plaintiff would be the only joint venturer to bring suit.

– and thereby increase the odds that the defendant can walk away with all the chips on a procedural technicality, regardless of the merits of the claims asserted against him.  It is difficult to square the defendant's sporting proposition with the express purpose of Rule 17(a) to "insure against forfeiture and injustice," and the defendant makes no effort to do so.  The Court accordingly declines to ante up.[9]

As noted, the plaintiff has addressed the defendant's real-party-in-interest objection regarding the contract claim by procuring an assignment from Helenbak, Agoglia, and the unnamed joint venture of all their causes of action, claims, and rights to payment arising out of or related to this lawsuit and the mask deal with the defendant.  (Doc. 48-1).  The defendant argues that a post-complaint assignment is a legally impermissible means of resolving a defendant's objection that the plaintiff is not the real party in interest.  (Doc. 54 at 10).  While Rule 17(a)(3) lists joinder, substitution and ratification as means of resolving such an objection, courts have not construed these as exclusive.

"[I]t has been held that even when the claim is not assigned until after the action has been instituted, the assignee is the real party in interest and can maintain the action."  6A Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1545 (3rd ed.), Westlaw (database updated April 2021). Many courts have recognized this view,[10] and the defendant identifies none that

---

[9] The defendant describes the proposed second amended complaint's allegations that the contract was with the plaintiff "and/or" one or both assignors, and that he "and/or" Cathexis provided the funding for the deal, as a "shell game."  (Doc. 54 at 5). Given the parties' different understandings of who the contracting and funding parties are, and given the Rules' express approval of pleading in the alternative, Fed. R. Civ. P. 8(d)(2), including "inconsistent claims," *United Technologies Corp. v. Mazer*, 556 F.3d 1260, 1273 (11th Cir. 2009), the pleading appears to be perfectly appropriate.  Certainly the defendant, who contents himself with another gaming reference to the exclusion of any legal argument or authority, has failed to demonstrate the opposite.

[10] *E.g., Dubuque Stone Products Co. v. Fred L. Gray Co*., 356 F.2d 718, 723-24 (8th Cir. 1966); *Kilbourn v. Western Surety Co.*, 187 F.2d 567, 571 (10th Cir. 1951); *Lambrinos v. Exxon Mobil Corp*., 349 Fed. Appx. 613, 614 (2nd Cir. 2009); *Winn v. Amerititle, Inc*., 731 F. Supp. 2d 1093, 1098-99 (D. Ida. 2010); *Go Computer, Inc. v. Micosoft Corp*., 437 F. Supp. 2d 497, 507 n.7 (D. Md. 2006); *Infodek, Inc. v. Meredith-*

have rejected it.  The Court therefore concludes that a post-complaint assignment can cure an alleged failure to prosecute in the name of the real party in interest.

The defendant next argues that, even if a post-complaint assignment is permissible as a general matter, amendment of the complaint to allege such an assignment should still be disallowed, based both on the plaintiff's delay in obtaining the assignment until after the defendant's motion for summary judgment was filed and on the prejudice the defendant would experience should amendment be allowed.  (Doc. 54 at 10).

The single case on which the defendant relies for his delay argument did not address Rule 17(a) or real parties in interest.  Given that Rule 17(a)(3) allots a plaintiff a reasonable time after objection to act, and given that the defendant elected not to assert his objection until he filed his motion for summary judgment, the delay of which he complains is his own and cannot furnish grounds to deny amendment.[11]

The only prejudice the defendant asserts is a lack of discovery regarding the assignment, Cathexis, and any misrepresentations allegedly made to Cathexis or the assignors.  Forcing the defendant to proceed to trial in May 2022 without such

_____

*Webb Printing Co*., 830 F. Supp. 614, 620 (N.D. Ga. 1993); *Campus Sweater and Sportswear Co. v. M.B. Kahn Construction Co*., 515 F. Supp. 64, 83-85 (D.S.C. 1979); *Briglia v. Horizon Healthcare Services, Inc*., 2008 WL 934412 at *1-2 (D.N.J. 2008). Some of these authorities require that the plaintiff be a real party in interest as to at least one claim independently of the assignment.  *E.g., Infodek*, 830 F. Supp. at 620.  Here, it is both obvious and agreed that the plaintiff has at all times been a real party in interest as to his fraud claims.

[11] The defendant raised his Rule 17(a) objection on January 20, 2022.  The assignment is dated February 16, 2022, (Doc. 48-1 at 2), and the plaintiff moved for leave to amend the next day.  The defendant does not argue that four weeks exceeds the boundaries of a reasonable time under the circumstances, and the Court would look skeptically on any such suggestion.

discovery, he says, would be unduly prejudicial.  (Doc. 54 at 10-11).[12]  Because he
is responsible for the lateness of the plaintiff's motion for leave to amend, any
prejudice the defendant may suffer as a consequence of his litigation choices
hardly seems unfair.  In any event, the defendant concedes that a continuance of
the trial with an opportunity to conduct discovery first made relevant by the
amended pleading would eliminate any prejudice to him.  The plaintiff, while
questioning the need for further discovery, (Doc. 59 at 5-7), does not oppose a
continuance for that purpose.

### B.  Rule 16(b).

The defendant argues that, even if the plaintiff's motion for leave to amend
satisfies Rule 17(a)(3) (and it does), it does not satisfy Rule 16(b)(4).  (Doc. 54 at
6-7).  The Magistrate Judge's scheduling order entered pursuant to Rule 16(b)
established a deadline of July 12, 2021 for filing motions for leave to amend the
pleadings or join parties.  (Doc. 22 at 4).  "A schedule [entered under Rule 16(b)]
may be modified only for good cause and with the judge's consent."  Fed. R. Civ.
P. 16(b)(4).  "This good cause standard precludes modification unless the schedule
could not 'be met despite the diligence of the party seeking the extension.'"  *Sosa
v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R.
Civ. P. 16 advisory committee's note to 1983 amendment).

The threshold question is whether a plaintiff who satisfies Rule 17(a)(3)
must also satisfy Rule 16(b)(4).  The single authority cited by the defendant does

---

[12] The defendant does not, and could not plausibly, assert that he has had
insufficient discovery regarding the contract claim, which has been the subject of
exhaustive discovery, including with respect to the assignors.

not support his position,[13] and the Court has discovered little on the subject.[14] After consideration of the language and purpose of the rules, the Court concludes that a plaintiff who satisfies Rule 17(a)(3) necessarily satisfies Rule 16(b)(4).

Rule 17(a)(3) forbids dismissal for failure to prosecute in the name of the real party in interest unless the plaintiff, after the defendant raises the objection, fails to resolve the issue within a reasonable time. Resolution of the issue requires amendment of the complaint – to join a party, to substitute a party, or to allege ratification or assignment. To preclude an amendment that is offered within a reasonable time after objection and that otherwise satisfies Rule 17(a)(3), based only on Rule 16(b)(4), would be to allow a defendant to obtain dismissal for failure to prosecute in the name of the real party in interest, in direct violation of Rule 17(a)(3). In this case, for example, the defendant would be free to pursue and – depending on the evidence and law presented on his pending motion for summary judgment – obtain dismissal of the plaintiff's contract, conversion, and equitable claims on the grounds that Helenbak and Cathexis, rather than the plaintiff, are the real parties in interest, despite the exceptionless protection Rule

---

[13] The defendant relies on this Court's decision in *Jasper Wood Products, LLC v. Jordan Scrap Metal, Inc.*, 2014 WL 3720530 (S.D. Ala. 2014). *Jasper Wood*, however, never resolved the issue; on the contrary, the Court expressly refused to consider the plaintiff's Rule 17(a)(3) argument, both because it was improperly raised for the first time in a reply brief and because it failed to address multiple issues implicated by such an argument, including the interplay between Rules 17(a)(3) and 16(b)(4). *Id.* at *5-6.

[14] *See O'Hara v. Nika Technologies, Inc.*, 2015 WL 993572 at *2-3 (D. Md. 2015) (suggesting that Rule 16(b) cannot be used to preclude an amendment allowed by Rule 17(a)(3)); *Just Film, Inc. v. Merchant Services, Inc.*, 2012 WL 359746 at *1-2 (N.D. Cal. 2012) (same); *Cabrera v. Google LLC*, 2021 WL 2435380 at *2 (N.D. Cal. 2021) (after finding Rule 17(a)(3) satisfied, finding good cause under Rule 16(b)(4), "[a]ssuming [it] applies"); *Scott v. Vantage Corp.*, 336 F. Supp. 3d 366, 374-76 (D. Del. 2018) (addressing Rule 16(b)(4) after having found Rule 17(a)(3) unsatisfied); *BCC Merchant Solutions, Inc. v. Jet Pay, LLC*, 129 F. Supp. 3d 440, 459-60 (N.D. Tex. 2015) (same); *U.S. Steel Corp. v. Scheurle Fahrzeugfabrik GmbH*, 2010 WL 4318657 at *1 (N.D. Ind. 2010) (finding Rule 17(a)(3) unsatisfied after having found Rule 16(b)(4) unsatisfied). None of these cases provide a discernible rationale.

17(a)(3) offers the plaintiff from such a result based on his compliance with that rule.

As noted, Rule 17(a)(3)'s prohibition on dismissal on real-party-in-interest grounds, until a reasonable time after the defendant raises that objection, was "added simply in the interests of justice" and to "insure against forfeiture and injustice." Fed. R. Civ. P. advisory committee's note to 1966 amendment. Permitting such dismissal based on Rule 16(b)(4) despite a plaintiff's satisfaction of Rule 17(a)(3) would appear contrary to the very interests of justice and non-forfeiture the latter rule was designed to protect. This is especially so given that such a regime would affirmatively encourage defendants to deliberately withhold known Rule 17(a)(3) objections past the Rule 16(b) deadline, for the specific purpose of defeating under the latter rule an amendment plainly allowed by the former.

"[T]he modern function of the [real party in interest] rule … is simply to protect the defendant against a subsequent action by the party entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata." Fed. R. Civ. P. 17 advisory committee's note to 1966 amendment; *accord Steger v. General Electric Co.*, 318 F.3d 1066, 1080 (11th Cir. 2003). It is, in other words, a shield against multiple lawsuits over the same wrong. Allowing Rule 16(b)(4) to defeat amendment when the plaintiff has satisfied Rule 17(a)(3) would effectively turn the rule into a sword, allowing defendants by silence and delay to escape all liability by running out the limitations clock, precluding a lawsuit by the real party in interest after the defendant obtains a dismissal of the initial lawsuit on real-party-in-interest grounds despite the plaintiff's satisfaction of Rule 17(a)(3). Even when the statute of limitations is not in play, such tactics by a defendant would weaponize real-party-in-interest practice by wasting the resources of the plaintiff and the Court and compelling the initiation of a second costly lawsuit after the first has long been underway.

As noted, the "good cause" standard of Rule 16(b)(4) hinges on the party's diligence.  What constitutes diligence depends on the circumstances.[15]  In the context of a real-party-in-interest issue, the relevant circumstance is the triggering event of a defendant's objection.  Because failure to prosecute in the name of the real party in interest is an affirmative defense,[16] and because "[a] complaint need not anticipate and negate affirmative defenses,"[17] the plaintiff need not address the issue in his pleading until and unless the defendant properly raises the defense.  Once the defendant has done so and thereby registered an objection, the plaintiff must act diligently to address the issue, and Rule 17(a)(3) captures that requirement in its "reasonable time" limitation.  Thus, a plaintiff who satisfies Rule 17(a)(3) has satisfied Rule 16(b)(4) as well.[18]

Even were it appropriate to consider Rule 16(b)(4) separately, the plaintiff acted with sufficient diligence to establish good cause.  The defendant argues that his answer repeatedly stated that his agreement was with Helenbak, to the exclusion of the plaintiff, and thereby informed the plaintiff that he needed to

---

[15] *E.g., Destra v. Demings*, 725 Fed. Appx. 855, 860 (11th Cir. 2018); *Morgan v. Bill Vann Co*., 2012 WL 12904143 at *2 (S.D. Ala. 2012).

[16] *E.g., Utica Mutual Insurance Co. v. Munich Reinsurance America, Inc.*, 7 F.4th 50, 63 (2nd Cir. 2021); *Addax Energy SA v. M/V Yasa H. Mulla*, 987 F.3d 80, 85 (4th Cir. 2021); *Norris v. Causey*, 869 F.3d 360, 367 (5th Cir. 2017); *Cranpark, Inc. v. Rogers Group, Inc*., 821 F.3d 723, 730 (6th Cir. 2016).  The Eleventh Circuit is in accord.  *Steger*, 318 F.3d at 1080.

[17] *Isaiah v. JPMorgan Chase Bank*, 960 F.3d 1296, 1304 (11th Cir. 2020).

[18] This scheme, which is consistent with the language and purpose of the rules, works no hardship or unfairness on defendants.  Because failure to prosecute in the name of the real party in interest is a defense, the defendant in every case has the burden to recognize and articulate it.  Usually, a defendant will realize or suspect such an issue from the outset, and he will always have an incentive to investigate the issue and raise it promptly, just as he would any other defense subject to waiver.  The rule the Court adopts merely removes any perverse incentive for a defendant to delay raising the defense in hopes of obtaining an undeserved dismissal under Rule 16(b)(4).

obtain an assignment and amend the complaint.  (Doc. 54 at 7).  As noted in Part A, the defendant's answer says no such thing and further admits that the funds at issue were "Harrison's money."  As the defendant points to nothing else that could have triggered a need to act diligently to amend the complaint prior to his January 2022 objection, his Rule 16(b) argument would fail even were it a separately relevant consideration.[19]

## CONCLUSION

For the reasons set forth above, the plaintiff's motion for leave to amend the complaint is **granted**.[20]  The plaintiff is **ordered** to file and serve the second amended complaint on or before **April 4, 2022**.[21]  The defendant's alternative motion to join the real party in interest is **denied as moot**.  This matter is referred to the Magistrate Judge for consideration of what discovery, if any, should be allowed in light of the amendment and for entry of an amended scheduling order. The May 2022 trial setting, the April 12, 2022 pretrial conference, and the existing

---

[19] The proposed second amended complaint expands the range of representations undergirding the fraud claims to those made to the assignors and on which the assignors relied.  (Doc. 48-2 at 10-12).  This amendment is not in response to any Rule 17(a) objection by the defendant, because he raised no such objection regarding the fraud claims, and the plaintiff patently is the real party in interest as to the representations made to him and on which he relied to his detriment, as alleged in the first amended complaint. The defendant thus could have obtained denial of leave to amend the fraud claims based on Rule 16(b)(4), independently of Rule 17(a).  However, because the defendant limited his Rule 16(b)(4) argument to the contract, conversion and equitable claims, (Doc. 54 at 7), the amendment will be allowed.

[20] Subject matter jurisdiction is based on diversity of citizenship.  Based on the allegations of the proposed second amended complaint regarding the citizenship of Cathexis, (Doc. 48-2 at 2), its joinder does not call the Court's jurisdiction into question.

[21] The proposed second amended complaint helpfully places in boldface the material added by the amendment.  The filed second amended complaint should eliminate the boldface.

deadlines preceding the pretrial conference date are **continued** pending the Magistrate Judge's establishment of new dates and deadlines.

DONE and ORDERED this 28th day of March, 2022.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE