IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM HARRISON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 20-0360-WS-N |
| | ) |
| STEVE JAMES FORDE, | ) |
| | ) |
| Defendant. | ) |

ORDER

This matter is before the Court on the plaintiffs' motion for leave to amend the complaint. (Doc. 73). The defendant has filed a response and the plaintiffs a reply, (Docs. 78 , 83), and the motion is ripe for resolution. After careful consideration, the Court concludes the plaintiffs' motion is due to be denied.

BACKGROUND

William Harrison filed this action in July 2020. (Doc. 1). According to the first amended complaint, (Doc. 5), filed four days later, Harrison and the defendant entered a contract in April 2020, pursuant to which Harrison agreed to purchase three million respirator masks for $6.6 million. Harrison paid the defendant the full sum up front but did not receive the masks and received only $1 million returned of the amount paid. The first amended complaint asserts claims for breach of contract, conversion, fraud, promissory fraud, unjust enrichment, and money had and received.

The defendant proved difficult to serve with process. He was eventually served in December 2020, and he filed his answer in January 2021. (Docs. 12, 14). The parties filed their Rule 26(f) report in February 2021, requesting a July 12, 2021 deadline for motions to add parties or amend the pleadings. (Doc. 17 at

5). On March 11, 2021, the Magistrate Judge entered a Rule 16(b) scheduling order establishing, in accordance with the parties' joint proposal, a deadline of July 12, 2021 for moving to amend the pleadings or join other parties. (Doc. 22 at 4).

On November 9, 2021, Harrison took the deposition of Colorado Tech Supply ("Colorado"), the entity through which the defendant was obtaining respirator masks manufactured in China. At this deposition, Harrison learned that the order for three million masks could have been canceled as of April 14, 2020. (Doc. 73 at 2). On January 17, 2022, Harrison took the deposition of Kristian Agoglia, Harrison's joint venturer, and learned that, on April 14, 2020, the defendant told Agoglia the order could not be canceled. (*Id*. at 2-3). On April 13, 2022, the plaintiffs[1] filed the instant motion. The purpose of the proposed third amended complaint is to add allegations that the defendant fraudulently misrepresented on April 14 that the order could not be canceled and fraudulently suppressed that it could be canceled on that date, along with incidental allegations regarding the determination of damages the plaintiffs suffered as a result of this fraud. (Doc. 73 at 2).

## DISCUSSION

As noted, the deadline for moving to amend the pleadings, as established by the Magistrate Judge in her Rule 16(b) order, was July 12, 2021. The instant motion was filed nine months after that deadline had passed. As the parties agree, this means the plaintiffs must show "good cause" for their tardy motion. Fed. R. Civ. P. 16(b)(4).

---

[1] On February 17, 2022, the plaintiff moved to add Cathexis Holdings, LP ("Cathexis") as a party plaintiff and to add allegations of assignments of interest from Agoglia and two entities to Harrison, based on the defendant's tardy invocation of Rule 17(a). (Doc. 48). The Court granted the motion on March 28, 2022, (Doc. 65), and the second amended complaint, adding Cathexis as a second plaintiff, was filed on April 4, 2022. (Doc. 67).

2

"This good cause standard precludes modification unless the schedule could not 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment). "The lack of diligence that precludes a finding of good cause is not limited to a plaintiff who has full knowledge of the information with which it seeks to amend its complaint before the deadline passes. That lack of diligence can include a plaintiff's failure to seek the information it needs to determine whether an amendment is in order." *Southern Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 n.3 (11th Cir. 2009). The defendant argues that the plaintiffs' motion is captured by *Southern Grouts*. (Doc. 78 at 5-6).

In *Southern Grouts*, the plaintiff sued the defendant under the Anticybersquatting Consumer Protection Act and for unfair competition under the Lanham Act, based on the defendant's lengthy inactive holding of a domain name almost identical to the plaintiff's registered trademark. 575 F.3d at 1238. The scheduling order set a February 2008 deadline for moving to amend the pleadings. *Id*. at 1240. In May 2008, the plaintiff first inquired into whether the defendant had used the name at issue as a Google AdWord. *Id*. In June 2008, the plaintiff learned from the defendant's amended response that it had done so. *Id*. at 1240-41. A few days later, the parties filed cross-motions for summary judgment. *Id*. at 1241. Fact discovery closed in mid-July. *Id*. at 1242. A week after that, the plaintiff deposed the defendant's corporate representative and had the information regarding Google Ad Words confirmed. *Id*. at 1241. Two weeks after that, in August 2008, the plaintiff moved for leave to amend to add allegations regarding this conduct. *Id*. at 1240, 1242.

The *Southern Grouts* Court identified three ways in which the plaintiff failed to demonstrate the necessary diligence: (1) the plaintiff did not even begin to conduct the necessary discovery until three months after the deadline for

3

amendments had expired;[2] (2) the plaintiff did not move for leave to amend until after discovery had closed and motions for summary judgment had been filed;[3] and (3) the plaintiff did not move for leave to amend until over a month after it learned the information on which its proposed amendment was based.[4]  As discussed below, each of these circumstances is presented here.

The discovery materials on which the plaintiffs rely to support amendment are the depositions of Colorado and Agoglia.  Harrison's first deposition setting for Colorado was in September 2021, (Doc. 83 at 5 n.2), over two months after the deadline for amendments had passed.  Harrison's first deposition setting for Agoglia was in November 2021, (Doc. 73 at 3 n.2), over three months after the amendment deadline had passed.  Thus, as in *Southern Grouts*, the plaintiffs did not begin to conduct the necessary discovery until months after the deadline for amending the pleadings had expired.

The original discovery deadline (as requested by the parties) was November 12, 2021.  (Doc. 17 at 4; Doc. 22 at 3).  On the parties' motion, (Doc. 30), this deadline was extended to December 17, 2021.  (Doc. 31 at 1).  On the parties' motion, (Docs. 36, 40), the deadline with respect to Agoglia was extended twice

---

[2] The plaintiff's delayed motion to amend was not caused by the defendant's alleged stonewalling of discovery, because the plaintiff "did not serve its first interrogatory about AdWords until three months after the deadline to amend pleadings had passed."  575 F.3d at 1242.

[3] "When [the plaintiff] finally filed the motion to amend its complaint …, both parties had filed their initial briefs in support of their motions for summary judgment almost a month earlier …, and fact discovery had been closed for a few weeks ….  We have upheld a district court's denial of a motion to amend pleadings at this stage in the proceedings before."  *Id*.  "'It is not an abuse of discretion for a district court to deny a motion for leave to amend following the close of discovery, past the deadline for amendments and past the deadline for filing dispositive motions.'"  *Id*. (quoting *Lowe's Home Centers, Inc. v. Olin Corp.*, 313 F.3d 1307, 1315 (11th Cir. 2002)).

[4] The plaintiff "lacked diligence, at the very least, because it waited until August 5, 2008 to file a motion to amend its complaint with information that it had known over a month before."  *Id*.  "By filing its motion for leave to amend its complaint a month later, [the plaintiff] waited too late."  *Id*. at 1243.

more, ultimately to January 17, 2022.  (Docs. 37, 41).  This final order also extended the deadline for filing dispositive motions to January 20, 2022.  On that date, the parties filed their respective motions for summary judgment.  (Docs. 42, 44).  Briefing on these motions concluded on March 11, 2022.  (Docs. 60, 61).  The plaintiffs' motion to amend was filed well after all these dates, on April 13, 2022.  Thus, as in *Southern Grouts*, the plaintiffs did not move for leave to amend until after discovery had closed and motions for summary judgment had been filed.

By the plaintiffs' admission, they possessed all the information on which their proposed third amended complaint is based once Agoglia's deposition occurred, on January 17, 2022.  (Doc. 73 at 1).  However, they did not file the instant motion until April 13, 2022, three months later.  Thus, as in *Southern Grouts*, the plaintiffs did not move for leave to amend for an extended period after they learned the information on which the proposed amendment is based.

The plaintiffs argue that, because deadlines for amending the pleadings routinely expire months before discovery deadlines, the mere failure to conclude all non-party discovery before the amendments deadline cannot of itself reflect a lack of diligence.   (Doc. 83 at 7).  The plaintiffs say that Harrison diligently pursued discovery, despite his failure to depose Colorado and Agoglia until months after the deadline for amendments, because they were non-parties and because Harrison "had no reason to know these conversations [on which the new fraud claims are based] had even occurred."  (*Id*. at 5).

The Court agrees that the lapse of the amendments deadline does not of itself establish lack of diligence, but it cannot agree that Harrison diligently pursued the necessary discovery.  Diligence is not excused simply because the plaintiff does not know in advance that a particular inquiry will produce information on which to base a new claim.  On the contrary, diligence is required in "seek[ing] the information [the plaintiff] needs *to determine whether* an amendment [to raise a new claim] is in order."  *Southern Grouts*, 575 F.3d at 1241

n.3 (emphasis added).  It is thus irrelevant that Harrison did not know about "th[e] conversations" between the defendant and Colorado, and between the defendant and Agoglia, until he took their depositions; the question is whether, under the circumstances, he should have promptly pursued discovery designed to uncover potentially actionable representations by the defendant.  The answer to that question is plainly in the affirmative.

Agoglia is a non-party, but he is no ordinary non-party.  According to the first amended complaint, Harrison and Agoglia formed a joint venture to source and supply respirator masks, and the defendant communicated sometimes with Agoglia, sometimes with Harrison, and sometimes with both regarding the subject contract and its fulfillment.  (Doc. 5 at 3-5).  The first amended complaint expressly alleges that the defendant made multiple representations to Agoglia.  (*Id*.).  Given his awareness that the defendant had communicated with, and made representations to, his joint venturer in the mask procurement/supply venture, Harrison could not reasonably have been unaware that the defendant might have made additional actionable representations to Agoglia.  It was therefore incumbent on Harrison, if he wished to base a fraud claim on representations made to his joint venturer, to depose Agoglia promptly in order to discover such representations before the deadline for moving to amend the pleadings expired.  By first noticing Agoglia's deposition for November 2021 – almost four months after that deadline had passed – Harrison failed to exercise minimum diligence to acquire the information necessary to pursue a fraud claim based on representations made to his joint venturer.[5]

---

[5] While Agoglia identified the defendant's representation (that, as of April 14, 2020, it was too late to cancel the order), it was Colorado's corporate representative that provided testimony tending to show the falsity of that representation.  The Court thus recognizes that Harrison could not have sought leave to amend based only on Agoglia's deposition.  The plaintiffs, however, have failed to show that, had Harrison timely taken Agoglia's deposition early in discovery, in the exercise of diligence he still could not have deposed Colorado, to discover the truth or falsity of this representation, before the amendments deadline expired in May 2021 and long before November 2021.  Because

The plaintiffs concede that the instant motion was not filed until: nine months after the deadline for such motions expired; three months after the discovery cutoff; almost three months after the deadline for dispositive motions; and over a month after the parties' summary judgment motions were ripe. They also concede that Harrison possessed, three months before the instant motion was filed, all the information on which the proposed new claims are based. (Doc. 73 at 1, 7). They insist, however, that all of this is irrelevant given the posture of this case.

In particular, the plaintiffs note that, ever since the original scheduling order was entered in March 2021, this action has been set for trial in May 2022. (Doc. 22 at 3). They state that Harrison delayed seeking leave to add the new fraud allegations "because [he] did not want to risk the trial date." (Doc. 73 at 1 n.1). Once the Court, in late March 2022, granted Harrison leave to file a second amended complaint in response to the defendant's tardy objection under Rule 17(a),[6] and in that order postponed trial pending the Magistrate Judge's consideration of additional discovery needs, if any, triggered by the second amended complaint, (Doc. 65 at 15-16), the plaintiffs felt free to file the instant motion. (Doc. 83 at 6).

What the plaintiffs suggest is that, regardless of *Southern Grouts*, a delay in seeking leave to amend until after the end of discovery, and until after dispositive motions are filed and taken under submission, is consistent with diligence (or constitutes excusable non-diligence) so long as the plaintiff has a good tactical reason (such as preserving an established trial date) for not seeking amendment

---

"[t]he burden of establishing the requisite good cause/diligence rests on … the party seeking relief from the lapsed deadline in the original Scheduling Order," *Foster Poultry Farms, Inc. v. Water Works & Sewer Board*, 2019 WL 1449635 at *2 (S.D. Ala. 2019), the plaintiffs' failure to address this issue precludes them from showing the necessary diligence.

[6] *See* note 1, *supra*.

7

earlier.  Nothing in *Southern Grouts*, or in any other case brought to the Court's attention, remotely supports such an exception.  Harrison was free to value an early trial date more highly than an additional fraud claim, but he was not free to avoid the consequences of his tactical decision.[7]

In a related vein, the plaintiffs argue that the good cause requirement is but a means "'to ensure the orderly administration of justice'" and that, given the recent postponement of trial, the orderly administration of justice will not be adversely impacted by allowing their amendment.  (Doc. 83 at 6, 9 (quoting *Lowe's Home Centers, Inc. v. Olin Corp.*, 313 F.3d 1307, 1315 (11th Cir. 2002)).  As *Lowe's* itself demonstrates, the orderly administration of justice extends well beyond merely avoiding unnecessary delays of trial.  In *Lowe's*, the Eleventh Circuit upheld a denial of leave to amend without mentioning trial at all; instead, the Court relied on the plaintiff's conduct in seeking leave to amend only after discovery had closed and dispositive motions had been filed and briefed, *id*. at 1314-15 – the precise conduct in which Harrison engaged.

As noted, Rule 16(b)(4)'s good-cause standard "*precludes* modification *unless* the schedule could not be met *despite the diligence* of the party seeking the extension." *Sosa*, 133 F.3d at 1418 (emphasis added, internal quotes omitted).  The Eleventh Circuit has repeatedly affirmed this principle.  *E.g., MidAmerica*

---

[7] The plaintiffs find it significant that they filed the instant motion only a month after the defendant, in briefing another motion, denied that the new fraud allegations were already asserted in the first amended complaint.  (Doc. 73 at 7).  The plaintiffs argue that Harrison believed the earlier iteration of the complaint was "broad enough to encompass these newly discovered facts," and they suggest they acted promptly upon learning that the defendant thought otherwise.  (*Id*. at 4).  In the first place, it is painfully obvious that the first amended complaint could not possibly have asserted a misrepresentation of which Harrison was then completely ignorant.  Moreover, Count Three of that complaint explicitly limits its reach to specific representations made on April 9, 10 and 15, (Doc. 5 at 8-9), while the fraud claim asserted in the proposed third amended complaint addresses an entirely different representation, made on an entirely different day (April 14).  In any event, *Southern Grouts* holds that, at least when a case is in its late stages, a delay of even a month after obtaining the necessary information means the plaintiff "waited too late." 575 F.3d at 1243.

*C2L Inc. v. Siemens Energy Inc.*, 25 F.4th 1312, 1335 (11th Cir. 2022); *Southern Grouts*, 575 F.3d at 1241 n.3; *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008). Thus, "[i]f a party was not diligent, the good cause inquiry should end." *Id*. (internal quotes omitted).

The plaintiffs, ignoring this plain directive, encourage the Court to consider other things under Rule 16(b)(4), including their good faith, the presumed lack of prejudice to the defendant, and the absence of undue delay an amendment would cause. (Doc. 83 at 3, 8-9). In light of the unambiguous Eleventh Circuit precedent quoted above, the Court finds no legal justification for doing so. The opinions of sister courts on which the plaintiffs rely did not attempt to reconcile their approach with *Sosa* and like cases, and the Court respectfully disagrees with them.

## CONCLUSION

For the reasons set forth above, the plaintiffs' motion for leave to amend the complaint is **denied**.

DONE and ORDERED this 17th day of May, 2022.

<u>s/ WILLIAM H. STEELE</u>
UNITED STATES DISTRICT JUDGE