## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **WILLIAM HARRISON, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION 20-0360-WS-N** |
| | ) |
| **STEVE JAMES FORDE,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

The defendant has filed a motion to dismiss Counts Three and Four of the second amended complaint. (Doc. 74). The plaintiffs have filed a response, (Doc. 80), and the defendant elected not to file a reply. (Doc. 76). The motion is now ripe for resolution.

As set forth in previous orders, the individual plaintiff ("Harrison") filed a six-count first amended complaint, (Doc. 5), with Counts Three and Four sounding in fraud. In response to an eleventh-hour challenge under Rule 17(a), Harrison sought and obtained permission to file a second amended complaint, (Doc. 67), that alleged assignments of interest from Kristian Agoglia, an unnamed joint venture between Harrison and Agoglia, and an entity owned and controlled by Agoglia ("Helenbak") (collectively, "the Assignors").

Even though the defendant raised no Rule 17(a) objection regarding the fraud claims, the second amended complaint modified those counts' allegations to encompass the Assignors. For example, the allegation in the first amended complaint that the defendant "misrepresented to Harrison multiple existing material facts," (Doc. 5 at 8), became, in the second amended complaint, that the defendant "misrepresented to Harrison *and/or one or more of the Assignors* multiple existing material facts." (Doc. 67 at 10 (emphasis added)). This phrase

is repeated eleven times in Counts Three and Four, addressing the recipient of various misrepresentations, reliance on those misrepresentations, and damage. (*Id.* at 10-12).[1]  The defendant argues that Counts Three and Four are due to be dismissed in their entirety for failure to comply with Rule 9(b).

"In alleging fraud …, a party must state with particularity the circumstances constituting fraud …." Fed. R. Civ. P. 9(b).  "While Rule 9(b) does not abrogate the concept of notice pleading, it plainly requires a complaint to set forth:  (1) precisely what statements or omissions were made in which documents or oral representations; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) them; (3) the content of such statements and the manner in which they misled the plaintiff, and; (4) what the defendant obtained as a consequence of the fraud." *In re:  Galectin Therapeutics, Inc. Securities Litigation*, 843 F.3d 1257, 1269 (11th Cir. 2016).

The defendant objects that Counts Three and Four:  (1) fail to identify to whom each alleged misrepresentation was made; (2) fail to identify the manner in which Harrison or each assignor was misled; and (3) fail to specify who was damaged, and how.  (Doc. 74 at 1, 3).  The plaintiffs do not deny that Rule 9(b) requires them to plead these matters with specificity.

As to the recipient of each representation, the plaintiffs fault the defendant for looking only at the text of Counts Three and Four, without considering the preceding, factual allegations of the pleading, which are incorporated by reference into Counts Three and Four.  (Doc. 80 at 4).  The Court agrees that the numbered paragraphs cited by the plaintiffs (all of which appeared in the first amended complaint) make plain the recipient or recipients of each alleged misrepresentation for purposes of Counts Three and Four.

---

[1] Even though this amendment was not in response to the defendant's Rule 17(a) objection, the Court allowed it because the defendant failed to object to it.  (Doc. 65 at 15 n.19).

Harrison is the only plaintiff under Counts Three and Four, but he brings these claims not only in his own capacity but also as the assignee of any fraud claims belonging to Agoglia, the joint venture, or Helenbak.  To prevail as an assignee, he must establish with respect to an assignor all elements of a fraud claim.  He must therefore show, not only that the assignor was the direct or indirect recipient of a fraudulent representation, but that the assignor reasonably relied on the representation and that the assignor was damaged by that reliance.  For purposes of Rule 9(b), he must plead, as to each assignor, the manner in which that assignor was misled and how that assignor was damaged by the misrepresentation.

The second amended complaint does not address these matters as to the assignors, and the plaintiffs do not address them in their brief.  The plaintiffs do note that, under certain circumstances, fraud may be adequately pleaded by alternative means, (Doc. 80 at 3), but they do not attempt to demonstrate that such circumstances (such as the defendant's exclusive possession of the necessary information) are presented here.

It is not immediately apparent how the plaintiffs could adequately plead damage to any of the Assignors accruing from the defendant's alleged fraud.  The second amended complaint identifies the only damage from the defendant's alleged fraud as the parting with $5.6 million to purchase the respirator masks, (Doc. 67 at 11-12), and that pleading alleges that the source of those funds was a bank account owned by the entity plaintiff ("Cathexis").  (*Id*. at 5).  Cathexis, in turn, is described as an entity ultimately controlled by Harrison.  (*Id*. at 2).  The second amended complaint further alleges that, although Harrison and Agoglia formed a joint venture with respect to the masks at issue, they agreed the venture "would be funded almost exclusively by Harrison's capital."  (*Id*. at 4).  Nevertheless, because "dismissal for failure to comply with Rule 9(b) is almost always with leave to amend,"  *Summer v. Land & Leisure, Inc*., 664 F.2d 965, 971 (5th Cir. 1981), and because the defendant has not sought denial of leave to amend,

the plaintiffs will be provided an opportunity to correct the deficiencies in their pleading of fraud.

For the reasons set forth above, the defendant's motion to dismiss is **granted in part**.  Counts Three and Four are **dismissed** to the extent they employ the phrase, "and/or one or more of the Assignors."  To the extent the defendant seeks dismissal of Counts Three and Four in their entirety, his motion is **denied**.[2] The plaintiff is **ordered** to file and serve any third amended complaint on or before **May 24, 2022**, failing which this dismissal will be with prejudice and without leave to amend.

DONE and ORDERED this 17th day of May, 2022.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[2] The defendant waived any objection to the pleading of Counts Three and Four as to Harrison by failing to file any motion invoking Rule 9(b) for almost two years after Harrison filed his first amended complaint.